IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS L. CARRERO-RAMOS**
Petitioner

**CIVIL NO. 16-2815 (ADC)**
v.  (Related to Criminal No. 13-888 (ADC))

**UNITED STATES OF AMERICA**
Respondent

---

**UNITED STATES' RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

---

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America through the undersigned attorneys and to this Honorable Court very respectfully alleges and prays as follows:

### INTRODUCTION

On August 16, 2016, Carlos L. Carrero-Ramos ("Carrero") filed a *pro-se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [1] (Civ. No. 16-2815, ECF No. 3). Carrero claims that he received ineffective assistance of counsel. Specifically, Carrero claims: (1) that counsel advised him to enter into a Plea Agreement that was contrary to facts; 2) that the lawyer disregarded witness declarations and an expert witness report; 3) that counsel failed to request an individualized assessment in order to determine Carrero's role in the conspiracy; 4) that counsel failed to object to the construction of the plea agreement on the imposition of various enhancements; and 5) that counsel failed to file a notice of appeal when the manner of proceedings

---

1. References to the record will be as follows: ECF (Docket Entry or Entries); p. (page); pp. (pages); No. (Number); U.S.C. (United States Code); U.S.S.G. (United States Sentencing Guidelines).

revealed that there was an error. (Civ. No. 16-cv-2815 (ADC), ECF No. 3). Based on these claims, he argues his counsel was ineffective. The government submits that Carrero's claims are without merit and that the relief requested should be denied without an evidentiary hearing.

## BACKGROUND

On December 12, 2013, Carrero and 25 co-defendants were charged in an eight-count Indictment involving drugs and firearms activities in violation of 21 U.S.C. §§ 860, 846, and 841 in Criminal Case No. 13-888 (ADC). (ECF No. 3).[2] On December 20, 2013, Attorney Miguel A. Rodríguez-Robles filed a notice of appearance on behalf of Carrero. (ECF No. 73). Subsequently, Rodríguez-Robles withdrew as counsel and Attorney Lara H. Castro-Ward, Esq. filed a notice of appearance on behalf of Carrero on January 20, 2014. (ECF No. 140). On September 5, 2014, Carrero filed a motion requesting a change of plea hearing. (ECF 504). On September 18, 2014, he pled guilty to Count One of the Indictment pursuant to a plea agreement. (ECF No. 607).

**I.   Carrero entered a knowing and voluntary guilty plea after signing a plea agreement.**

As part of Carrero's plea agreement, the parties stipulated that the drug amount was at least 5 kilograms, but less than 15 kilograms of cocaine. (ECF No. 599 at 4). With respect to the advisory guidelines calculation, the parties stipulated that: 1) a base offense level of 32 applied pursuant to U.S.S.G. § 2D1.1, because the drug amount was at least 5, but less than 15 kilograms of cocaine; 2) a 2-level enhancement applied for protected location under U.S.S.G. § 2D1.2; 3) a 4-level upward adjustment applied for leadership role in the offense, pursuant to U.S.S.G. § 3B1.1(a); 4) a 3-level downward adjustment applied under U.S.S.G. § 3E1.1, because Carrero accepted responsibility for the offense; and 5) no stipulation was made as to the Criminal History Category

---

2.   Unless otherwise specified, citations to the record will be to Criminal Case No. 13-888 (ADC).

("CHC"). (ECF No. 599 at 4-5). With a total offense level of 35, the parties provided the advisory guidelines ranges for CHCs of I through III. (ECF No. 599 at 5). A total offense level of 35 and a CHC of I resulted in a guideline sentencing range of 168 to 210 months. (ECF No. 599 at 5).

In the "**SENTENCING RECOMMENDATION**" section of the plea agreement, Carrero and the United States agreed that: 1) Carrero could recommend a sentence of no less than 151 months if the CHC was I or II, while the government could argue for a sentence of up to 227 months; and 2) Carrero and the government would recommend a sentence within the applicable guideline sentencing range ("GSR") at an adjusted offense level of 35 if the CHC was III or above. The parties agreed that the imposition of a sentence within the parameters of the recommendations to be argued by the parties pursuant to the agreement were reasonable pursuant to 18 U.S.C. § 3553(a). (ECF No. 599 at 5).

The plea agreement also contained a waiver of appeal provision through which Carrero agreed to waive and surrender his right to appeal the judgment and sentence in the case if the Court sentenced him according to the terms and conditions as set forth in the parties' sentencing recommendation. (ECF No. 599 at 8). Carrero agreed that he was satisfied with counsel's representation and indicated that counsel had rendered effective legal assistance. (ECF No. 599 at 8). He further agreed that he was pleading guilty freely and voluntarily because he was guilty. (ECF No. 599 at 9). Finally, Carrero signed the plea agreement, agreeing to the following statement:

> I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement.

(ECF No. 599 at 12). Carrero acknowledged that he "fully underst[ood] this agreement and [he] voluntarily agree[d] to it." (ECF No. 599 at 12). Carrero also signed a statement of facts agreeing to the stipulated drug amount, his leadership, and other details about his role in the offense. (ECF No. 599 at 13-14).

On September 18, 2014, Carrero's change of plea hearing was held by a magistrate judge. (ECF No. 607). The magistrate judge advised Carrero that if he failed to understand a question or an explanation, he should advise the magistrate judge, and the question or explanation would be rephrased. (ECF No. 1272 at 3). During the change of plea proceeding, Carrero's counsel admitted that he had translated and explained the plea agreement to Carrero in the Spanish language. (*Id*. at p. 7). The magistrate judge and the government summarized the parties' plea agreement for Carrero, which included: the advisory sentencing guidelines calculation for Count One, the parties' sentencing recommendations, Carrero's inability to withdraw his guilty plea if the Court did not follow the parties' sentencing recommendations, and the waiver of appeal provision. Carrero admitted that he understood all of this. (ECF No. 1272 at 3-12).

Carrero also admitted that prior to the change of plea hearing, he had a reasonable opportunity to discuss the terms and conditions of the plea agreement with his counsel, understood his counsel's explanations, discussed the consequences of pleading guilty with his counsel, was not pressured into waiving his right to appeal, and was satisfied with counsel's representation. (ECF No. 1272 at 5). During the plea proceeding, Carrero admitted that no one had made him any promises or offers outside of what was contained in the plea agreement, and that no one had forced, threatened or coerced him to enter the guilty plea in the case. (ECF No. 1272 at 14).

Finally, the government proffered to the magistrate judge and Carrero the facts that the government would have presented to prove the elements of the offense. Carrero admitted and

agreed to the presented factual basis. (ECF No. 1272 at 23). He acknowledged that the object of the conspiracy was to distribute controlled substances at the Francisco Figueroa Public Housing Project on behalf of the drug trafficking organization operating within the public housing project for significant financial gain. (ECF No. 1272 at 23). Carrero also acknowledged that he was a leader who directly controlled and supervised the drug trafficking activities at the drug distribution points and that he purchased multi-kilogram quantities of narcotics and oversaw the transportation and sale of the narcotics by subordinates in the public housing project. (ECF No. 1272 at 23). He agreed that for the purposes of the agreement, he was responsible for at least five but less than fifteen kilograms of cocaine. (ECF No. 1272 at 23).

Based on its exchange with Carrero and Carrero's affirmations under oath, the magistrate judge concluded that the plea was done in an intelligent and voluntary manner and recommended that the Court accept Carrero's guilty plea. (ECF No. 1272 at 25). On September 19, 2014, the magistrate judge issued a Report and Recommendation recommending the acceptance of Carrero's guilty plea to Count One. (ECF No. 635). The Court adopted the report. (ECF No. 704).

**II.   After receiving the Amended PSR, Carrero's counsel argued for a sentence at the low end of the new sentencing guidelines and the district court agreed with counsel's recommendation.**

On April 27, 2015, the U.S. Probation Officer disclosed the Presentence Investigative Report ("PSR") to Carrero. (ECF No. 843). In the "**Offense Level Computation**" section of the PSR, the probation officer recommended lower advisory guidelines calculations for the offenses than those contemplated in the parties' plea agreement due to a change in the sentencing guidelines. (ECF No. 843). These calculations included the following: 1) a base offense level of 30 applied pursuant to U.S.S.G. § 2D1.1, because the drug amount was at least 5, but less than 15 kilograms of cocaine; 2) a 2-level enhancement applied for protected location under U.S.S.G. § 2D1.2; 3) a

4-level upward adjustment applied for leadership role in the offense, pursuant to U.S.S.G. § 3B1.1(a); 4) a 3-level downward adjustment applied under U.S.S.G. § 3E1.1, because Carrero accepted responsibility for the offense. With a total offense level of 33 and a CHC of I for Count One, the proposed sentencing guidelines range was 135 to 168 months of imprisonment. (ECF No. 843 at 21).

After the parties received the PSR, Carrero's counsel objected to paragraph 39, page 11, of the PSR, where Carrero was described as an enforcer and facilitator. (ECF No. 842). Carrero's counsel stated that this information was not consistent with his role in the Indictment, where he was only described as a seller, leader and drug processor within the conspiracy.[3] (ECF No. 842). Carrero's counsel also filed a sentencing memorandum, where she urged the district court to consider Carrero's history and characteristics in imposing a reasonable sentence. (ECF No. 874). In support of a lower sentence, Carrero's counsel referenced reciprocal discovery that had been provided to the government in the form of the following:

- Audio recordings at the drug point that did not involved Carrero;

- An interview of a codefendant where he alerts to the level of corruption within the POPR Mayaguez Narcotics Division;

- A video of neighbors from the public housing project mitigating Carrero's participation at the drug point;

- Four sworn statements of witnesses who had observed other co-defendants but not Carrero present at the drug point.

- A private investigator provided information regarding a federal fugitive

(ECF No. 874). Further, Carrero's counsel brought to the district court's attention that the government provided a video of a man, later identified in an ROI as Carrero, where the ROI

---

3. This objection was subsequently withdrawn. (ECF No. 1273 at 3).

description conflicted with Carrero's actual appearance. (ECF No. 874). Carrero's counsel acknowledged that the probation officer correctly calculated the guideline calculation and argued that he should be sentenced according to the new range within his criminal history which is 135-168 months. (ECF No. 874).

On August 21, 2015, Carrero's sentencing hearing was called. (ECF No. 1111). During the sentencing hearing, Carrero's counsel admitted that she had explained the PSR to Carrero in the Spanish language, and there were no further objections. (ECF No. 1273 at 2). Counsel argued at length in favor of a sentence at the low end of the guidelines range for Count One, that is, 135 months. (*Id.* at 3-9). At one point, Carrero's counsel even argued for the statutory minimum sentence of 120 months based on the weight of the evidence against Carrero. (ECF No. 1273 at 9). Carrero acknowledged that he had discussed the PSR and that the PSR was correct. (ECF No. 1273 at 10). Then he addressed his family and expressed his love for them. (ECF No. 1273 at 10).

The government stood by the plea agreement and agreed with the PSR's lower GSR calculations. (ECF No. 1273 at 11). The government withdrew the previous sentencing recommendation that was based on the GSR prior to the amendment of the guidelines. (ECF No. 1273 at 11). Based on Carrero's history and characteristics and his lack of criminal history, the government recommended an imprisonment term of 135 months, which was a sentence at the low end of the GSR. (ECF No. 1273 at 11). After considering the 18 U.S.C. § 3553(a) factors, the district court agreed with the parties' recommendation and sentenced Carrero to a 135-month term of imprisonment as to Count One. (ECF No. 1273 at 15). The Court reminded Carrero that although he waived his right to appeal, he had 14 days to file a notice of appeal. (*Id.* at 21). Carrero did not

file a notice of appeal. On October 12, 2016, the instant motion pursuant to 28 U.S.C. § 2255 entered the Court's docket. (ECF No. 1, CV16-2815).[4]

## DISCUSSION

**A.   Carrero's claims regarding ineffective assistance of counsel for various errors related to his guilty plea are meritless.**

To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668, 686-96 (1984). To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." *Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007) (citing *Strickland*, 466 U.S. at 687-91). To show prejudice in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The record of the instant case fails to reflect any deficient performance by counsel. Not only that, Carrero has not even alleged that, but for counsel's errors he would not have pled guilty. In fact, the remedy requested is limited to resentencing without the challenged enhancements. (ECF No. 3 at 12, CV 16-2815). Failure to satisfy one of the *Strickland* prongs is fatal and, therefore, a court is free to tackle either prong first. *United States v. Carrigan*, 724 F.3d 39, 44 (1st Cir. 2013).

Carrero fails to include any developed argumentation. It is well settled that "issues that are adverted to in a perfunctory manner absent developed argumentation are waived." *United States v. Brown*, 669 F.3d 10, 16 (1st Cir. 2012). In *United States v. Zannino*, 895 F.2d 1 (1st Cir.1990),

---

4.   Carrero's motion is timely because it was filed within a year of his conviction becoming final. He declared under penalty of perjury that he placed his motion in the institution's mail system on August 16, 2016, and it was stamped by the Post Office as received on August 18, 2016. (ECF No. 3 at 12 & ECF No. 3-1, CV16-2815).

the Court stated that "[i]t is not enough merely to mention a possible argument in the most skeletal way […] judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Zannino*, 895 F.2d at 17 (citations and quotation marks omitted). Therefore, Carrero's conclusory and undeveloped claims should be disregarded.

To the extent not waived, challenges to his guilty plea and lack of an appeal are meritless. Carrero's attorney was effective. The plea agreement, the change of plea hearing, the PSR, and the sentencing hearing contradict all of his claims regarding factual errors related to his plea agreement. Carrero signed a statement acknowledging that he had read the plea agreement, carefully reviewed it with his counsel, and voluntarily agreed to it. During the change of plea hearing, he reconfirmed the applicable enhancements and admitted that no one had coerced him into pleading guilty and that he was satisfied with counsel's advice. At sentencing, Carrero apologized to the Court and addressed his family. (ECF No. 1273 at 10-11).  He cannot now "turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla-Tirado*, 22 F.3d 368, 373 (1st Cir. 1999). *See United States v. Miranda,* 654 F.3d 130, 139 (1st Cir.2011) (holding that a defendant's representations to the court are not only evidential, but sufficiently conclusive to contradict defendant's posterior allegations without an evidentiary hearing).

Carrero's claim that his attorney failed to *motu propio* file a notice of appeal is similarly without merit. In *Roe v. Flores-Ortega*, the Supreme Court applied the *Strickland* test and provided bright-line rules for evaluating an ineffective assistance claim based on the performance of an attorney who has consulted with a criminal defendant about an appeal. 528 U.S. 470, 477-78 (2000).  "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later

complain that, by following his instructions, his counsel performed deficiently." *Id*. at 477.  On the other hand, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477-78.  As such, if counsel does not "file a requested appeal, a defendant is 'entitled to [a new] appeal without a showing that his appeal likely would have had merit.'" *Id*. at 477 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

Even when a defendant has not clearly conveyed his wishes one way or the other, however, counsel may still be ineffective for failing to file an appeal if she did not consult with the defendant about an appeal, *i.e.*, if he failed to "advis[e] the defendant about the advantages and disadvantages of taking an appeal" and "mak[e] a reasonable effort to discover the defendant's wishes." *Id.* at 478. "[C]ounsel has a constitutionally imposed duty with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. In making this determination, relevant factors include "whether the conviction follows a trial or guilty plea" ("because a guilty plea reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings"), "whether the defendant received the sentenced bargained for as part of the plea" and "whether the plea expressly reserved or waived some or all appeal rights." *Id*.

Carrero limits his claim to stating that his attorney failed to appeal despite the errors that occurred in his case. (ECF No. 3 at 4, CV 16-2085). He does not allege that he instructed his attorney to appeal. On this record, counsel had no constitutional obligation to file a notice of appeal. At sentencing, the court followed the parties' sentencing recommendation and sentenced

Carrero at the low end of the applicable GSR, in accordance with Carrero's plea agreement. Therefore, the waiver of appeal provision would have applied. Carrero received exactly what he bargained for. Further, the record reveals that Carrero's counsel was actively engaged and complied with her duty by filing motions on his behalf and arguing for the most favorable disposition. The record reflects that counsel followed a reasonable strategic course and belies any contention to the contrary. *See Ouber v. Guarino*, 293 F.3d 19, 25 (1st Cir. 2002) (an attorney's performance is scrutinized with a "highly deferential" lens and "must not lean too heavily on hindsight") (citing *Bell v. Cone*, 535 U.S. 685 (2002)); *Barrett v. United States*, 965 F.2d 1184, 1193 (1st Cir. 1992) (citing *Strickland*, 466 U.S. at 690) ("'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable'").

**B.     Carrero's request for an evidentiary hearing and appointment of counsel should be denied.**

Carrero requests an evidentiary hearing and appointment of counsel. (ECF No. 3 at 12, CV 16-2085). However, a petitioner is not entitled to an evidentiary hearing as a matter of right. *David v. United States*, 134 F.3d 470, 477 (1st Cir. 1998). A hearing is not required if (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are "inherently incredible." *Id*. Because Carrero's motion is inadequate on its face and because his conclusory allegations are contradicted by the record, a hearing need not be held. Moreover, while Carrero has failed to establish the need for a hearing in this case, because the Court presided over his case, it "is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *DeColgero v. United States*, 802 F.3d 155, 167 (1st Cir. 2015) (quoting *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)). Accordingly, the Court should summarily deny

Carrero's petition without an evidentiary hearing.

While a defendant is entitled to appointment of counsel if an evidentiary hearing is required,[5] Carrero has failed to establish the need for an evidentiary hearing. "[T]here is no right to counsel in collateral proceedings." *Martinez v. Ryan*, 132 S. Ct. 1309, 1326 (2012); s*ee Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (holding that prisoners have no constitutional right to counsel in mounting collateral attacks on convictions; right to appointed counsel extends to first appeal of right and no further); *Ellis v. United States,* 313 F.3d 636, 652 (1st Cir. 2002) (holding that a convicted criminal has no constitutional right to counsel on motion to vacate sentence). Thus, he has failed to establish a right to appointment of counsel and his request should also be denied. *See Bucci v. United States,* 662 F.3d 18, 34 (1st Cir.2011).

## CONCLUSION

A review of the record as a whole conclusively shows that Carrero received meaningful assistance by a competent counsel throughout his criminal proceeding. There is no doubt that Carrero had all constitutional guarantees to which a defendant is entitled during a criminal proceeding. Therefore, his motion should be denied without evidentiary hearing.

**WHEREFORE**, in view of the foregoing, the government submits that the Court should deny Carrero's instant 28 U.S.C. § 2255 petition.

---

5. Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this June 13, 2017.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

/s/ John A. Mathews II
John A. Mathews II, #G01617
Assistant U.S. Attorney
U.S. Attorney's Office
Appellate Division
350 Carlos Chardón Avenue
Torre Chardón, Suite 1201
San Juan, PR. 00918
Tel: (787) 766-5656

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed by United States Postal Service the document to the following non CM/ECF participant:

Carlos L. Carrero-Ramos
Reg. No. 43586-069
FCC, Coleman-Low, C-3
P.O. Box 1031
Coleman, FL  33521-1032

/s/  John A. Mathews II
Assistant U.S. Attorney