# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS R. CARRERO-RAMOS**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 16-2815 (ADC)**<br>**[Related to Crim. No. 13-888-4 (ADC)]** |

## OPINION AND ORDER

Petitioner Carlos R. Carrero-Ramos ("Carrero" or "petitioner") filed a *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. **ECF No. 3.** The government filed an opposition. **ECF No. 16**. For the reasons explained below, the Court **DENIES IN PART** the petition**. ECF No. 3.** The arguments at *infra* section **III (A)** are **DENIED**. The argument regarding ineffective assistance of counsel in relation to appeal rights, *see infra* section **III (B)**, **is scheduled for an evidentiary hearing on March 5, 2020 at 2:00 p.m.**

I.  **Factual and Procedural Background**

Carrero pleaded guilty to one count of conspiracy charging the illegal possession with intent to distribute controlled substances within a protected location, in violation of 21 U.S.C. § 841(a)(1), 846, and 860. **Crim. No. 13-888-4, ECF No. 599**. Carrero was represented by counsel Lara Castro Ward ("counsel" or "defense counsel") during the criminal proceedings. During the change of plea hearing held before Magistrate Judge Bruce J. McGiverin and in the plea agreement he signed, Carrero confirmed that he understood the terms, consequences, and

conditions of his plea, including the waiver of his right to appeal the judgment and sentence and the government's statement of facts and evidence underlying the charges. **Crim. No. 13-888-4, ECF Nos. 599, 1272**. Petitioner recognized that his plea was voluntary. **Crim. No. 13-888-4, ECF No. 599** at 9. He also stated his satisfaction with his counsel's performance and recognized that his counsel translated and fully discussed the evidence in the case and the plea agreement. **Crim. No. 13-888-4, ECF No. 599** at 6; **ECF No. 1272** at 5, 7. Consequently, the Magistrate Judge found that defendant's plea was knowing, intelligent, and voluntary. **Crim. No. 13-888-4, ECF No. 1272** at 25. During the hearing, the government and defense counsel confirmed that full discovery had been provided. **Crim. No. 13-888-4, ECF No. 1272** at 25.

At the sentencing hearing, both petitioner and defense counsel separately confirmed the accuracy of the Pre-Sentence Report ("PSR"). **Crim. No. 13-888-4, ECF No. 1273** at 10. Due to amendments in the sentencing guidelines after the approval of the plea agreement, the PSR's sentencing recommendations based upon the revised guidelines, and the parties' agreement to recommend a sentence in the lower end of the guidelines, petitioner was sentenced to 135 months of imprisonment.[1] **Crim. No. 13-888-4, ECF No. 1273** at 12-15.

## II. Legal Standard

The Court liberally construes *pro se* petitions, though "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886,

---

[1] Based on new amendments, the applicable base offense level was lower than the level 35 originally envisioned. Now with a total offense level of 33 and a Criminal History Category of 1, the applicable guideline imprisonment term range for sentencing was 135 to 169 months.

890 (1st Cir. 1997). To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. (citation and internal quotation marks omitted).

Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted). The prejudice requirement, meanwhile, necessitates a demonstration of "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation and internal quotation marks omitted). Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

The petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996). However, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper*, 510 F.3d at 39. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

**III. Analysis**

Carrera seeks relief under section 2255, asserting that counsel's ineffective assistance during the criminal proceedings rendered his plea involuntary insofar as the agreement was contrary to the facts, his counsel disregarded witness declarations and expert witness reports, failed to request an individualized assessment as to his specific role within the conspiracy, and did not object to the imposition of enhancements. **ECF No. 3**. He further contends that his defense counsel failed to file a notice of appeal. *Id.*

**A. Ineffective assistance of counsel during criminal proceedings**

It is well settled that an ineffective assistance of counsel claim raised in a perfunctory manner in a section 2255, with no attempt or effort to develop argumentation, is deemed waived. *Rivera-Orta v. United States*, 243 F. Supp. 3d 202, 207 (D.P.R. 2017) (citing *Cody v. United States*, 249 F.3d 47, 53 n. 6 (1st Cir. 2001); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones…'Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.'" *Zannino*, 895 F.2d at 17. Because petitioner is *pro se*, we construe his pleading more favorably than those drafted by an attorney. Even so, this does not excuse petitioner from complying with procedural and substantive law.

Petitioner's vague and conclusory arguments lacking in factual basis are wholly undeveloped and unsubstantiated. Petitioner plainly fails to develop any arguments in support of his 2255 motion aside from general assertions which fail to show that his counsel rendered ineffective assistance. He did not submit affidavits or a brief in support of his petition. Petitioner does not explain which "facts" purportedly render his plea involuntary. Likewise, petitioner does not mention which witness declarations and expert reports were disregarded by his defense counsel, or even attempts to argue how those declarations or expert reports would have led him to go to trial instead of pleading guilty. Petitioner also fails to show how his counsel's purported failure to request an individualized assessment as to his specific role within the conspiracy, and to object to the imposition of enhancements, would have altered his decision to go to trial or caused sufficient prejudice, considering the record in the case.

It is well settled that in cases where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "In the context of guilty pleas, the first half of the *Strickland* test is nothing more than a restatement of the standard of attorney competence. . .". *Id.* Nonetheless, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Lee*, 137 S. Ct. at 1965. Since petitioner

does not contend that but for his counsel's error he would not have pleaded guilty, the inquiry typically ends here.

Be that as it may, a review of the plea agreement, plea colloquy and sentencing transcript shows that even if viewed in the light most favorable to petitioner, his conclusory arguments lack merit. Petitioner signed the plea agreement and the accompanying statement of facts and initialed every page of the agreement as well as the statement of facts. **Crim. No. 13-888-4, ECF No. 599** at 8, 13-14. Additionally, during the change of plea hearing, petitioner admitted and agreed to the contents and terms of the plea agreement as well as the facts as narrated by the government. **Crim. No. 13-888-4, ECF No. 1272** at 12-13, 22-25. The government's narration included the sentencing guidelines calculations contained in the plea agreement, as well as any stipulated enhancements or credits. *Id.* at 12-13. Petitioner acknowledged that the object of the conspiracy was to distribute controlled substances at the Francisco Figueroa Public Housing Project on behalf of the drug trafficking organization for significant financial gain. *Id.* at 23. He further recognized that he was a leader who directly controlled and supervised drug trafficking activities at the drug distribution points located within the public housing project. *Id.* at 23. He purchased multi kilogram quantities of narcotics and oversaw the transportation and sale of narcotics at the public housing project. Petitioner agreed to be held accountable for at least five kilograms but less than fifty kilograms of cocaine. Petitioner then pled guilty. *Id.* at 25. Petitioner never objected to the facts set forth by the government despite being granted the opportunity to do so. *Id.* During said hearing, petitioner's counsel clarified that his plea agreement had been

amended to reflect that petitioner oversaw the drug point at the Mayuco Ward, within one thousand feet of the public housing project. *Id.* at 24.

Thereafter, petitioner's counsel filed a sentencing memorandum arguing for the imposition of a lower sentence based on petitioner's history and characteristics (§3553 factors), and reciprocal evidence was submitted to the government in an attempt to mitigate petitioner's participation. **Crim. No. 13-888-4, ECF No. 874**. Counsel further argued for sentencing at the lower range of the guideline calculations as per the Presentence Report (PSR.) *Id.* During sentencing, petitioner recognized that he discussed the PSR with his counsel and understood the contents to be correct. **Crim. No. 13-888-4, ECF No. 1273** at 2, 10. His counsel argued extensively in favor of a sentence at the lower end of the guideline range for Count One, namely, 135 months. *Id.* at 3-9. She even argued for the statutory minimum of 120 months based on the weight of the evidence against petitioner. *Id.* at 9. Indeed, the government finally recommended an imprisonment term of 135 months and pursuant to the parties' recommendation, the Court sentenced petitioner to a 135-month term of imprisonment as to Count One. *Id.* at 11, 15. At the sentencing hearing, the Court informed petitioner that although he had waived his right to appeal, he had fourteen days from the entry of judgment to file a notice of appeal if he could identify a fundamental defect in the sentence imposed. *Id.* at 21.

The First Circuit has noted that a petitioner's statements and declarations during the change of plea hearing regarding his voluntary acceptance of the plea agreement cannot be controverted in a subsequent 2255 motion "unless he offers a valid reason why he should be

permitted to depart from the apparent truth of his earlier statements." *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (citing *Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975)). Petitioner has not proffered any valid reason to depart from his statements during the plea and sentencing hearings. As such, there is no evidence to rebut the fact that his plea was knowing and voluntary. Petitioner also fails to properly show that his counsel was deficient, or that even if deficient, absent any purported ill advice he would not have pleaded guilty and would insisted on going to trial. Therefore, there is no developed argument or evidence showing either ineffective assistance or prejudice. Accordingly, his claims of ineffective assistance on this front fail.

### B. Failure to Appeal

Petitioner conclusively asserts that his counsel was ineffective for failing to file a notice of appeal. **ECF No. 3** at 4. He does not however provide any supporting argument or an affidavit to substantiate his claim. He does not proffer that his attorney failed to file a notice of appeal despite his instruction to do so, or the circumstances of such request such as the timing of the request, details of any discussion that ensued with counsel, and any grounds upon which an appeal could be founded upon. Petitioner does not even allege that he demonstrated to counsel that he was interested in appealing. To the contrary, Carrero's plea agreement included an appeal waiver, the validity of which he did not challenge in his petition.

The same two-prong *Strickland* analysis applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (abrogating *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991) (per curiam). In

*Flores-Ortega*, the Supreme Court held that when an attorney's deficient performance causes a defendant to lose the right to file an appeal he would have otherwise pursued, prejudice to the defendant is premised without any additional showing from the defendant of the merits of his underlying claims. The Court, however, refused to draw "a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id*.

Instead, the Court held that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* (citing *Strickland*, 466 U.S. at 690). Certainly, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and presumptively prejudicial. *Id*. at 477. Deference is not afforded to the attorney in this scenario because "filing a notice of appeal is a purely ministerial task"; it is not a "strategic decision." *Id*.

*Flores-Ortega* highlights that "[a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id*. Nevertheless, "[e]ven in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant

received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.* It is important to note that the defendant in *Flores-Ortega* had not signed a waiver of appeal. Thus, its applicability to defendants who had signed an appeal waiver remained uncertain and object of a split between the courts.

In February 27, 2019, *Garza v. Idaho*, 139 S. Ct. 738, 748 (2019), settled the matter. The Supreme Court held that *Flores-Ortega*'s presumption of prejudice applied regardless whether a defendant had signed an appeal waiver, since even the broadest waiver did not deprive a defendant of all appellate claims. Thus, when a trial attorney fails to file a notice of appeal despite the defendant's express instructions, prejudice is presumed without a further showing from the defendant, even in the context of a defendant who signed a waiver of appeal.

Several months later, following suit, the First Circuit applied *Flores-Ortega*'s presumption of prejudice in circumstances where a defendant had executed a plea agreement which included a waiver of appeal. *Rojas-Medina v. United States*, 924 F.3d 9 (1st Cir. 2019). In *Rojas-Medina*, after sentencing, the defendant expressed a desire to appeal as well as dissatisfaction with his sentence, despite having signed a plea agreement which contained a waiver appeal. After a two-minute conferral with his counsel upon conclusion of the sentencing proceedings, they never spoke again, and counsel failed to file a notice of appeal. *Id*. at 14. The First Circuit found that

counsel had a duty to consult defendant – which extended beyond a two-minute conversation - especially when defendant had clearly expressed dissatisfaction with the outcome of the criminal proceedings and there were non-frivolous grounds for appeal. *Id.* at 16-18.

While the Court normally takes "as true the sworn allegations of fact set forth in the petition" for habeas relief when no evidentiary hearing occurs, the Court need not rely on allegations that "are merely conclusory, contradicted by the record, or inherently incredible." *Ellis v. United States,* 313 F.3d 636, 641 (1st Cir. 2002). Carrera's argument is comprised of one conclusory, self-serving statement and there is no information in the record to support or refute that statement. Accordingly, the Court concludes the best means of resolving this issue is to conduct an evidentiary hearing on the narrow question of whether Carrera timely requested or expressed any interest to defense counsel regarding the filing of notice of appeal on his behalf. *See generally Ramos-Ramos v. United States*, 2011 WL 2551331, at *3 n.1 (D.P.R. Jun. 27, 2011) (rejecting, after an evidentiary hearing, defendant's self-serving statements that counsel failed to heed his request to file an appeal). The circumstances, content, outcome, and timing of any conversation Carrero allegedly had with defense counsel regarding an appeal are relevant to the evidentiary hearing. The hearing is set for **March 5, 2020 at 2:00 p.m**. All other issues raised in Carrero's petition for *habeas* relief fall outside the scope of the hearing.

**IV. Conclusion**

Carrero's petition is **DENIED IN PART**. **ECF No. 3.** The arguments at *infra* section **III (A)** are **DENIED**. The Court will conduct a brief evidentiary hearing to address the remaining issues

surrounding Carrero's appeal argument. **The hearing is set for March 5, 2020 at 2:00 p.m**. **Clerk of Court shall notify the parties and former defense counsel, Lara Castro-Ward, of the hearing. Petitioner Carrero to be brought to the jurisdiction prior to the hearing date.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of January, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**